ElELD, P.,
delivered the opinion of the court.
When this suit was brought, the claim of the plaintiff depended upon a contingency, which might never arise, and therefore it could not be said that any thing was in fact due to the plaintiff, to be paid at a future day. But let it be conceded, for the sake of argument in this case, that the plaintiff’s claim shall be regarded as a debt due, payable in futuro. Then we have the naked case of a creditor, whose debt is payable at a future day, filing a bill quia timet, asking that his debtor shall be compelled to give security for the prompt payment of the debt when it shall become payable. If a creditor is entitled to have such relief in such a case, it would be an unlimited right, and would apply to every debt due and payable upon bond or otherwise at a future *day. And why would it not be applicable, in like manner, to all choses in action, although contingent and contested?
We do not regard the plaintiff’s as a proper case for relief by bill quia timet; but suppose it were a case in which such a relief might be had, the plaintiff has shown no reason why this extraordinary jurisdiction should be exercised by the court in his favor. In the case of Randolph’s adm’x v. Kinney, 3 Rand. 394, the Court of Appeals decided that a bill quia timet will not lie, unless the complainant may be subjected to loss by neglect, inadvertence, or culpability of another. The bill in this case containing no such charge, we must, from its silence on the subject, infer that there were no just grounds for making any such imputations. If Lane’s estate should ever be held responsible for the money to which the plaintiffs refer, or for any part of it, the administrator of Lane and his sureties, and the distributees of Lane, (all of whom must be regarded as perfectly solvent,) will be liable for the same to the extent of the assets received by them, beyond which the plaintiffs can have no claim on them.
Taking this view of the case, we are of *730 opinion, that the order and decree of the Chancery Court of the 5th February, 1849, and 17th March, 1849, are erroneous, and should be reversed with costs; the demurrer to the bill sustained, and bill dismissed with costs.
Decree reversed.